UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RALPH W. CLOSE and LAURA A. LARSON, individually as parents of the decedent JAMES ROBERT CLOSE,

Plaintiffs,

v.

PIERCE COUNTY, WASHINGTON; PIERCE COUNTY SHERIFF PAUL PASTOR; STEVE PARR; EDWARD CORRELL; JOSEPH GORMAN; AND TODD KLEMME,

Defendants.

CASE NO. C09-5023RJB

ORDER

This matter comes before the Court on a Motion for Relief from Judgment filed by Defendants Pierce County, Pierce County Sheriff Paul Pastor, Edward Correll, Joseph Gorman, and Todd Klemme (together the "Pierce County Defendants"). [Dkt. 25]. The Court has considered the pleadings filed in favor of and in opposition to the motion and the record herein.

## I. FACTS

On January 16, 2009, Plaintiffs filed this civil rights case against the Pierce County Defendants. [Dkt. 1]. Plaintiffs allege in their Amended Complaint that James Robert Close committed suicide while in Defendants' care at the Pierce County Jail. [Dkt. 4]. Plaintiffs allege that "[t]he loss of James Close's life due to [the Defendants'] deliberate indifference deprived the Plaintiffs of their liberty interest in the companionship of their son without due process of law, in violation of their rights under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983." [Dkt. 4, at 9]. Plaintiffs also assert claims against

ORDER - 1

the County for maintaining policies that "were deliberately indifferent to the risk of suicide by pretrial detainees," and for failing to adequately train corrections officers regarding inmates known to be suicide risks. [Dkt. 4, at 10].

The Pierce County Defendants are represented by Pierce County Deputy Prosecuting Attorney Ronald Williams. [Dkt. 26]. On July 20, 2009, parties attended mediation. [Dkt. 34, at 1]. Plaintiffs settled with one of the Defendants, Steve Parr, but did not settle with any of the other Defendants. *Id.* The following week, Plaintiffs received a "Offer of Judgment" (made pursuant to Fed. R. Civ. P. 68) from attorney Williams. [*Id.,* at 2]. The "Offer of Judgment" stated that "Defendant Pierce County hereby offers to permit [Plaintiffs] to take a judgment against it in this action in the amount, including attorneys' fees and costs, of One Hundred Thousand Dollars ($100,000)." [Dkt. 21, at 5-6].

On August 6, 2009, Plaintiffs filed a pleading entitled "Request for Entry of Judgment." [Dkt. 21]. Plaintiffs indicated that they accepted the offer of judgment, and requested the judgment be entered against "Defendant Pierce County only." [*Id.,* at 21].

In his declaration in support of the motion for relief from judgement, Attorney Ronald Williams states that the "offer of judgment was inadvertently worded as being made on behalf of 'Pierce County,' and not more precisely worded to be on behalf of all the Pierce County Defendants, including the individually-named Defendants." [Dkt. 26, at 2]. He states that the "offer of judgment was intended to be made on behalf of all of the County Defendants, as it was during the mediation." [*Id.*] Acting Risk Manager for Pierce County, Mark Maenhout, states that he authorized a settlement amount of $100,000.00 for all the Pierce County Defendants at the mediation. [Dkt. 27, at 1-2]. He states that Defendants' attorneys were not authorized to make an offer of $100,000.00 to settle the claims against the county only. [*Id.*]

Mr. Williams states that he was out of the office for a family emergency on Friday, August 7, 2009, but contacted Plaintiffs' counsel Tim Ford and left a message stating that the offer of judgment was inadvertently worded to be from "Pierce County" but was intended to be for all Pierce County Defendants - the individual officers as well as the county entity. [Dkt. 26, at 2]. Mr. Williams' message informed Mr. Ford that he would be out of the office on Monday and Tuesday, but asked Ford to contact him after business hours. [*Id.,* at 3]. Williams further

ORDER - 2

states that he asked Ford not to take advantage of his mistake. [*Id.*] Mr. Williams acknowledges that Plaintiffs' counsel left two messages on Monday August 10th, one at 11:55 a.m. and one at 1:13 p.m. stating that they needed to talk. [*Id.*] Plaintiffs' counsel left a third message at 4:51 p.m. stating that "things have moved ahead." [*Id.*]

Mr. Ford states that he sent an email to the Court on Monday, August 10, 2009. [Dkt. 34, at 2]. The email was sent to the Court's "Orders box" which is to be only used for proposed orders, pursuant to the Federal Court's CM-ECF procedures. In any event, Mr. Ford acknowledges in the email that after the offer was accepted, he received a phone message from defense counsel "in which he indicated that the offer was not intended to be as it was written" and that Mr. Williams asked Mr. Ford to return his call. [Dkt. 34, at 2]. Ford's email explains taht he has twice tried to reach Mr. Williams but has not heard back. It does not relate that Mr. Williams had already told Mr. Ford that he would not be available:

> I have left two phone messages for him today but have not heard back from him, and have not received anything in writing or sent any filings from Pierce County on the subject. I do not believe there is any ambiguity in the offer or any question that the offer and acceptance are final and binding but I though the court should be made aware of this situation in light of its recent request for a Word copy of the proposed judgment.

[*Id.*] At 1:26 p.m., a Minute Order for Entry of Judgment was entered. [Dkt. 22.] Mr. Ford states that "[w]hen [he] received that Minute order, [he] called the Clerk's office and spoke to [the Court's clerk] who had earlier requested the Word copy of the proposed order and informed her of the e-mail message [he] had sent." [Dkt. 34, at 3]. At that point, judgment had already been entered. Further paperwork was filed by the Clerk at 2:06 p.m. [Dkt. 23.]

The Pierce County Defendants now move for Relief from the Judgment pursuant to Fed. R. Civ. P. 60(b)(1). [Dkt. 25].

## II. DISCUSSION

Fed. R. Civ. P. 60 (b)(1) provides: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]: (1) mistake, inadvertence, surprise, or excusable neglect."

The circumstances detailed above indicate that the motion for relief from the judgment should be granted. The record indicates that Defendants' counsel's drafting error was a result of

ORDER - 3

an inadvertent mistake. Defendants' counsel made a reasonable attempt to correct his mistake by notifying Plaintiffs' counsel and asking him not to take advantage of his error. Plaintiffs cannot be said to be taken by surprise because the offer of judgment was to mirror what was offered at mediation.

Plaintiffs point to *Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d 1097 (9th Cir. 2006), for the proposition that Defendants here should not be granted relief from the judgment based upon their attorneys' mistake. [Dkt. 33]. In *Latshaw*, the plaintiff appealed the decision of the district court denying her motion for relief from a judgment. *Id.* The *Latshaw* plaintiff argued that she accepted the offer of judgment as a result of advice of counsel, who was mistaken as to the law. *Id.* (Plaintiff there believed that she would be liable for the defendants' attorneys' fees if she did not accept the judgment, when under the law at the time, she would not have been.) The *Latshaw* plaintiff did not fault defendants' actions there, whom she acknowledged were acting in good faith. *Id.* The *Latshaw* Court held that "[a] party will not be released from a poor litigation decision made because of inaccurate information or advice, even if provided by an attorney." *Id.,* at 1101-02.

The *Latshaw* matter is distinguishable from this matter in that the Defendants did not make their offer under advice from counsel which was legally incorrect. Defendants' offer was not the offer that was intended - defense counsel made a drafting error. Moreover, defense counsel did not have the authority to make an offer of judgment of $100,000 as to just the county. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)(Rule 60(b)(1) motions premised upon mistake should provide relief to a party when an attorney in the litigation has acted without authority).

In light of this Rule 60 analysis, the "contract" issues raised by the judgment and the Motion need not be addressed at length. Suffice it to say there are contract defenses - unilateral mistake coupled with inequitable conduct, and failure of consideration – that would lead the Court to undo the "settlement" on that basis as well. Considering all the circumstances here, the Pierce County Defendants' Motion for Relief from the Judgment should be granted.

Accordingly, it is hereby **ORDERED**:

ORDER - 4

The Pierce County Defendants' Motion for Relief from the Judgment [Dkt. 25] **IS GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 15th day of September, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE